## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

HUGH F. CULVERHOUSE, JR. &,
ELIZA P. CULVERHOUSE,

  *Plaintiffs*,

vs.             Case No. _____

COMMISSIONER OF INTERNAL
REVENUE SERVICE, JOHN
KOSKINEN,

AND

THE UNITED STATES  DEPARTMENT
OF TREASURY, INTERNAL REVENUE
SERVICE

  *Defendants*.


## COMPLAINT


**LEVINE KELLOGG LEHMAN**
**SCHNEIDER + GROSSMAN, LLP**
Lawrence A. Kellogg
201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, FL 33131
Phone: (305) 403-8788
Fax: (305) 403-8789
lak@lklsg.com

**ARENT FOX, LLP**
Mark F. (Thor) Hearne, II
Meghan S. Largent
112 South Hanley Road, Suite 200
Clayton, MO  63105
Phone: (314) 296-4000
Fax: (202) 857-6395
Thor@arentfox.com
meghan.largent@arentfox.com

1717 K Street, NW
Washington, DC  20036-5344
Phone: (202) 857-6000

*Attorneys for Hugh and*
*Eliza Culverhouse*

## SUMMARY OF THIS LAWSUIT

The Internal Revenue Service is threatening to levy Hugh and Eliza Culverhouse's personal assets contrary to the Fifth Amendment, contrary to any statutory authority and contrary to the IRS's own internal procedures. Years after the statute of limitations expired, the IRS sent Hugh and Eliza Culverhouse a letter threatening to seize their personal property for a purported 2006 tax liability. The IRS (a) never explained the basis for this purported tax liability nor how it calculated almost $1 million the IRS originally claimed was due, (b) never explained why Hugh and Eliza Culverhouse individually owed *any* additional income tax for 2006 and, (c) failed to explain how the IRS could levy on the Culverhouses' 2006 tax liability when the statute of limitations had expired. In short, the IRS's action is entirely without *any* legal authority.

The "tax" the IRS threatens to levy is (to the best anyone can determine) related to an interest Hugh Culverhouse held in Palmer Ranch Holdings, Ltd.. Eliza Culverhouse never held any interest in the partnership. And, when the IRS sought to adjust Palmer Partnership's 2006 tax return, the partnership challenged the IRS in Tax Court – *and the partnership won and the IRS lost*. The IRS appealed its defeat and that appeal is presently pending in the Eleventh Circuit. In short, Hugh and Eliza Culverhouse owe no tax and the IRS provides no reason to believe otherwise.

But it gets even worse. When the IRS threatened to levy the Culverhouses' assets Hugh and Eliza Culverhouse requested a pre-levy hearing that is both a statutory right under 26 U.S.C. §6330 and a constitutional requirement under the Fifth Amendment. Amazingly the IRS denied the Culverhouses *any* hearing and then persisted in its efforts to seize the Culverhouses' assets. And, even while the IRS persisted in its threat to levy the Culverhouses' assets, IRS agents admitted the "tax" the IRS sought to levy was

wrongly calculated and no agent knew why the IRS is persisting in its efforts to levy the Culverhouses' assets.  But it gets even more bizarre.  Originally the IRS sought to levy on an alleged tax of about $1 million.  Then the IRS said the tax was even more and imposed additional penalties even though the Tax Court denied any penalties.   Then the IRS admitted it was wrong and claimed "only" about $500,000 is due – half of what the IRS originally claimed.  And now the IRS says the Culverhouses owe no additional tax in 2006 – the year that was the basis for the IRS's threatened levy.  In fact, the IRS says the Culverhouses *overpaid* 2006 income tax by    But, without any notice and after the statutory period has expired, the IRS wants to adjust the Culverhouses' 2007 and 2008 personal income tax and impose $500,000 in new taxes and more than $100,000 in interest.

The truth is the Culverhouses owe *no* additional tax and the IRS does not know what it is doing and its threatened levy is contrary to all lawful authority.  To the extent the IRS is able to reopen the Culverhouses' tax returns almost a decade after the fact the Culverhouses should be able to amend their returns and claim a refund of what the IRS now admits the Culverhouses overpaid in 2006.

Accordingly, we ask this Court to (1) enjoin the IRS from pursuing an unlawful seizure of the Culverhouses' assets, (2) declare Hugh and Eliza Culverhouse fully paid their 2006 income tax, and, (3) hold the three-year statutory period for the IRS to adjust Hugh and Eliza Culverhouse's 2006 tax liability has expired  Alternatively, to the extent the IRS's threatened levy of Hugh and Eliza Culverhouse's personal assets is related to the Palmer Partnership tax appeal now pending in the Eleventh Circuit, we ask this Court

to enjoin the IRS from any collection or levy efforts until after the Eleventh Circuit appeal has concluded and we know if Palmer Partnership actually owes any tax.

## JURISDICTION AND VENUE

1.     This Court has subject matter jurisdiction under 28 U.S.C. §1331 which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

2.     The Declaratory Judgment Act, 28 U.S.C. §2201, provides "[i]n a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

3.     Venue is proper in this district under 28 U.S.C. §1391(e) which provides, "A civil action in which a defendant is  . . . an agency of the United States . . . may, except as otherwise provided by law, be brought in any judicial district in which  . . . the plaintiff resides if no real property is involved in the action."

## PARTIES

4.     Hugh P. Culverhouse, Jr. and Eliza P. Culverhouse live in Coral Gables, Florida, are citizens of Florida and citizens of the United States of America.  Hugh and Eliza Culverhouse bring this lawsuit in their individual capacity as citizens and taxpayers.

5.     John Koskinen is the current Commissioner of the Internal Revenue Service and, acting in his official capacity, he, the Internal Revenue Service, and the United States are the defendants.

- 4 -

## THE CONSTITUTION AND STATUTES
## APPLICABLE TO THIS ACTION

6.      The Fifth Amendment to the United States Constitution provides "No

person shall be  . . . deprived of  . . . property, without due process of law . . ."  U.S.

Const., Amend. V.

7.      Title 26 §6501(a) of the United States Code provides,

the amount of any tax imposed by this title shall be assessed within 3 years after
the return was filed (whether or not such return was filed on or after the date
prescribed) *** and no proceeding in court without assessment for the collection
of such tax shall be begun after the expiration of such period. For purposes of this
chapter, the term "return" means the return required to be filed by the taxpayer.

8.      Title 26 §6331(a), (b) and (d) provide,

(a) [i]f any person liable to pay any tax neglects or refuses to pay the same within
10 days after notice and demand, it shall be lawful for the Secretary to collect
such tax … *a levy shall extend only to* property possessed and *obligations existing
at the time thereof*."   (d) Requirement of notice before levy [no levy is valid
without satisfying the] 30-day requirement" of notice that shall be (A) given in
person, (B) left at the dwelling or usual place of business of such person, or (C)
sent by certified or registered mail to such person's last known address, no less
than 30 days before the day of the levy. (Emphasis supplied).

9.      Title 26 §6331(d)(4) requires the IRS to include the following information

in any 30-day notice of a levy: (i)  the provisions of this title relating to levy and sale of

property, (ii) the procedures applicable to the levy and sale of property under this title,

(iii) the administrative appeals available to the taxpayer with respect to such levy and sale

and the procedures relating to such appeals,  (iv) the alternatives available to taxpayers

which could prevent levy on the property (including installment agreements under

section 6159), (v) the provisions of this title relating to redemption of property and

release of liens on property, and (vi) the procedures applicable to the redemption of

property and the release of a lien on property under this title.

- 5 -

10.     Title 26 §6303(a) requires the IRS to issue a notice and demand to *each person* from whom the IRS seeks the tax before issuing a notice of levy.  To wit: "the Secretary shall, as soon as practicable, and within 60 days, *after the making of an assessment of a tax pursuant to section 6203, give notice to each person* liable for the unpaid tax, stating the amount and demanding payment thereof. Such notice shall be left at the dwelling or usual place of business of such person, or shall be sent by mail to such person's last known address."  (Emphasis supplied).

11.     When the IRS intends to levy a taxpayer's property the IRS *must* notify the taxpayer of his or her right to request the pre-levy due process hearing (called a "CDP hearing") *before* a levy is made and allow the taxpayer to challenge any levy at a DCP hearing.  *See* 26 U.S.C. §6330(a).

12.     If the taxpayer makes a timely request for a hearing, the taxpayer is entitled to a hearing and may raise issues relevant to collection of the alleged tax, including *inter alia* spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. *See* 26 U.S.C. § 6330(b)(1); 6330(c)(2)(A); Treas. Reg. § 301.6330–1(e)(1); and *Gentile v. Comm'r of I.R.S.*, 592 F. App'x 824, 826 (11th Cir. 2014).

## FACTS COMMON TO ALL COUNTS

**I.**     **Hugh and Eliza Culverhouse timely-filed and fully-paid their 2006 personal income tax liability.**

13.     Hugh and Eliza Culverhouse and their family are noted philanthropists and have donated substantial money and property to Sarasota County, to the University of Alabama, Temple Beth Am in Miami, Kristi House in Miami, Sarasota Memorial Hospital, Baptist Hospital, and Bloom Hillel in Tuscaloosa, Alabama.  *See* Declaration of H. Culverhouse, Jr., attached as **Exhibit B**; and Declaration of E. Culverhouse, attached as **Exhibit S**.

14.     Before managing his real estate holdings, Hugh Culverhouse was an attorney and (especially noteworthy in the context of this case) was a former United States Assistant Attorney who prosecuted tax fraud and represented the IRS in tax prosecutions in the Southern District of Florida.  *Id.*

15.     Hugh and Eliza Culverhouse timely-filed their personal income tax returns for 2006 and paid all tax due and the Culverhouses hired Certified Public Accountants and accounting firms to prepare their tax returns and confirm their tax was fairly, accurately and correctly prepared.  *See* **Exhibit B, Exhibit S**; and Declaration of Andres Bolano, Jr., attached as **Exhibit C**.

16.     If the IRS wanted to contest Hugh and Eliza Culverhouse's 2006 tax liability, 26 U.S.C. §6501 allows the IRS to do so but requires the IRS to raise that challenge within three years of the date the return was filed.

17.     The IRS did not dispute Hugh and Eliza Culverhouse's tax return or their 2006 income tax liability within the required three-year period.  *See* **Exhibits B, C,** and **S**.

18.     And the IRS never provided Hugh or Eliza Culverhouse any notice the IRS had any problem with the Culverhouses' 2006 income tax return nor did the IRS ever say Hugh and Eliza Culverhouse owed any additional income tax for 2006.  *Id.*

19.     The first time the IRS provided any notice to Hugh or Eliza Culverhouse that the IRS alleged the Culverhouses owed any 2006 tax was the IRS's notice stating it intended to levy the Culverhouses' "state tax refund or other property."  The IRS sent this notice in June 2015 – well after the statute of limitations for 2006 tax disputes had expired.  A copy of the IRS's notice is attached as **Exhibit A**.

20.     The notices threatening to levy the Culverhouses' property for a 2006 tax liability originated from the IRS's Philadelphia office.  *See* **Exhibit A.**

21.     The IRS never explained why it was assessing and threatening to levy this alleged 2006 "tax" against Hugh and Eliza Culverhouse in June 2015.  *Id.*  The IRS never explained how it calculated this additional "tax."  *Id.*  And the IRS never explained what authority it had to threaten to seize the Culverhouses' assets.  *Id.*

22.     Immediately after the IRS sent this letter threatening to seize the Culverhouses' assets Hugh Culverhouse and his accountant Andres Bolano, Jr. each separately contacted the IRS to find out why the IRS was threatening this levy and how the purported "tax" was calculated.  *See* **Exhibits B** and **C**.

23.     When Bolano called the IRS Agent Carla Arbin told Bolano the "tax" the IRS was threatening to levy had been improperly calculated.  *See* **Exhibit C**.

24.     Originally the IRS threatened to levy Hugh and Eliza Culverhouse to collect an almost $1 million tax the IRS claimed was owed from 2006.  *See* **Exhibit A**.  Then the IRS sent a new notice of levy to just Hugh Culverhouse threatening to levy

Hugh Culverhouse's personal assets to collect an even great tax.  *See* **Exhibit Q**.  And now, this week, IRS Agent Arbin told the Culverhouses' accountant the IRS's calculations were all wrong and the IRS will only seek to levy on a tax of about $500,000 for the 2006 tax year and is issuing a new notice to this effect. *See* **Exhibit C.**

25.     On July 23rd the IRS Ogden, Utah office sent Hugh Culverhouse a letter stating that it had re-calculated the 2006 "tax" it claims is due and that Culverhouse *overpaid* his 2006 personal income taxes by $677,702.  However, for the first time ever, the IRS is now adjusting Culverhouse's 2007 and 2008 person income tax return stating that Culverhouse owes a total tax of about $500,000 for 2007 and 2008 and about $100,000 in interest.

26.     The IRS's July 23rd calculation is the first time the IRS has sought to re-calculate the Culverhouses' 2007 or 2008 personal income tax return.  And the statute for the IRS to adjust, collect or levy the Culverhouses' 2007 and 2008 tax returns has also expired long ago.

**II.     To the extent there is any underlying tax dispute related to the IRS's attempted levy of the Culverhouses' property, it relates to a partnership interest Hugh Culverhouse individually held and that dispute is presently before the Eleventh Circuit.**

27.     In 2006 Hugh Culverhouse was a limited partner in Palmer Ranch Holdings, Ltd. (Palmer Partnership).

28.     Palmer Ranch, Inc. was the corporate general partner of Palmer Partnership.

29.     Eliza Culverhouse has never been a partner in Palmer Partnership and at no time did Eliza Culverhouse own any interest in Palmer Partnership or its corporate general partner.  *See* **Exhibit S**.

30.     In December 2006, Palmer Partnership donated more than 82-acres of land to Sarasota for a public park.

31.     Palmer Partnership timely filed its 2006 tax return in April 2007 and claimed a charitable deduction for this donation under §170 of the Internal Revenue Code.  Palmer Partnership documented the donation and established the donated property was worth almost $24 million.  The IRS agreed Palmer Partnership made a "qualified" charitable deduction documented with a "qualified appraisal" prepared by a "qualified appraiser" as required by §170.  *See* T.C. Memo 2014-79, attached as **Exhibit K**. The land Palmer Partnership donated is now a popular public park, community garden and conservation area.

32.     In 2009, on the eve of the statute of limitations expiring, the IRS sent Palmer Partnership a notice that it wanted to audit Palmer Partnership's 2006 tax return. *See* **Exhibit D**.  But the IRS never sent Hugh or Eliza Culverhouse any notice.  *See* **Exhibits B** and **S**.

33.     Because the three-year statute of limitations was about to expire when the IRS commenced its audit of Palmer Partnership's 2006 tax return, the IRS asked Palmer Partnership to agree to grant the IRS a one-year extension of the statute of limitations. *See* **Exhibit E**.

34.     In an effort to cooperate with the IRS, Palmer Partnership agreed to a one-year extension.  *Id.*

35.     But the IRS never asked Hugh Culverhouse or Eliza Culverhouse agree to any extension of the three-year statute of limitations on their personal 2006 income tax return.  And Hugh and Eliza Culverhouse never granted the IRS any extension of the

statute of limitations to audit or adjust their 2006 individual tax return.   *See* **Exhibits B** and **S**.

36.     The IRS sat on its hands and did nothing for the next year.  When the extension of the statute of limitations was set to expire, the IRS again asked Palmer Partnership for another one-year extension.  *See* **Exhibits F** and **G**.

37.     Again, the IRS never asked Hugh or Eliza Culverhouse to extend the three-year statute of limitations allowing the IRS to audit or adjust their 2006 personal income tax return or 2006 income tax liability.  *See* **Exhibits B** and **S**.

38.     By now it had gone on long enough and Palmer Partnership did not agree to grant the IRS a further extension of the statute of limitations.  *See* **Exhibit H**.

39.     The IRS was confronted with an impending deadline but had no credible basis to challenge the value of the land Palmer Partnership donated to Sarasota.  IRS agent, Mitchell Hammer admitted this point when he told a fellow IRS agent, "I have no technical expertise to refute a professional land planner that specializes in Sarasota County. I don't think we have much of leg [sic] to stand on so-to-speak." *See* **Exhibit I.**

40.     Notwithstanding the lack of any basis to do so, on the last day of May 2011 (two years after commencing the audit of Palmer Ranch's 2006 tax return and years after the original statute of limitations expired) the IRS issued Palmer Partnership a notice of "Final Partnership Administrative Adjustment" (FPAA) claiming the value of the property Palmer Partnership donated should be reduced by almost $17 million.  *See* **Exhibit J**.

41.     The Fifth Circuit, among other courts, has criticized the IRS's practice of aggressively challenging donations of conservation easements.

42.     The IRS never told Eliza Culverhouse it was challenging her 2006 personal income tax return and the IRS never sent Eliza Culverhouse a copy of the FPAA adjusting Palmer Partnership's return.  *See* **Exhibit S.**

43.     The IRS, likewise, never told Hugh Culverhouse it was challenging his 2006 personal income tax return.  *See* **Exhibit B**.

III.    **The Tax Court ruled in favor of Palmer Partnership and Palmer Ranch's corporate general partner and said the IRS's argument was meritless.**

44.     Immediately after receiving the IRS's FPAA, in July 2011, Palmer Partnership disputed the IRS's claim in tax court.  *See Palmer Ranch Holdings Ltd, and Palmer Ranch Holdings, Inc., Tax Matters Partner v. Commissioner of the Internal Revenue Service*, Case No. 17017-11.

45.     After almost two years of litigation, the Tax Court conducted a four-day trial in February 2013 to decide whether the IRS's adjustment of the value of the donated land was legitimate.

46.     And the Tax Court *entirely rejected* the IRS's theory.  In May 2014, the Tax Court ruled in large measure for Palmer Partnership finding the donated property to be worth about $20 million, far more than the $6.9 million the IRS claimed.  And the Tax Court *entirely rejected* the theory upon which the IRS premised its argument.  (A copy of the Tax Court decision is attached as **Exhibit K**).

47.     The Tax Court also denied the IRS's request for penalties the IRS wanted to impose on Palmer Partnership. *Id.*

48.     The Tax Court agreed with Palmer Partnership on *every single disputed issue* except one point.  The Tax Court found the value of land in Sarasota County

"plateaued" in 2006 and on this supposition *sue sponte* reduced the value of the donated land by $4 million. *Id.*

49.     But the Tax Court made mathematical and methodological errors when the Tax Court calculated its $4 million adjustment.  So Palmer Partnership appealed the Tax Court's $4 million adjustment asking the Eleventh Circuit to remand this limited issue to correct these errors.  *See Palmer Ranch Holdings, Ltd. v. Commissioner of Internal Revenue*, (11th Cir.) No. 14-14167, Palmer Partnership's brief and reply are attached as **Exhibits L** and **M**.

50.     The IRS agreed there were likely math errors in the Tax Court's opinion, "To the extent that there are any computational errors, they can be corrected on remand." IRS brief at p. 77 n. 12*, **Exhibit N**.

51.     But the IRS decided to re-litigate its factual arguments in the Eleventh Circuit and, toward this end, filed a cross-appeal challenging the entirety of the Tax Court's decision.  *Id.*

52.     The appeal of the Tax Court's decision is currently pending before the Eleventh Circuit which has ordered the case set for oral argument and we anticipate a decision this year or in early 2016.

**IV.     Without explanation, and without any legal authority, the IRS now threatens to levy Hugh and Eliza Culverhouse's personal property.**

53.     Hugh and Eliza Culverhouse do not owe *any* tax for 2006.  Period.  Hugh and Eliza Culverhouse fully paid their 2006 income tax and have fully-paid their income tax every year since and every year before that. *See* **Exhibits B**, **C**, and **S**.  The IRS never sent Hugh or Eliza Culverhouse any notice of deficiency, audit or adjustment for their 2006 personal income tax.  *See* **Exhibits B** and **S**.

54.     Yet, last month, June 2015, the IRS issued a "Notice of Intent to Levy" to Hugh and Eliza Culverhouse's personal assets.  *See* **Exhibit A**.  The IRS claimed Hugh and Eliza Culverhouse owed the IRS almost $1 million in additional taxes for 2006, which included almost $14,000 in a "failure to pay penalty" and $10,000 in interest.  *Id.* The IRS demanded Hugh and Eliza Culverhouse pay this by June 18th to avoid a levy on their property.  *Id.*

55.     The IRS's June 2015 levy threat stated, "This is your Notice of Intent to Levy.  (Internal Revenue Code section 6331(d))."  *Id.*

56.     The IRS's "Notice of Intent to Levy" does not mention Palmer Partnership and provides absolutely no explanation for the IRS's threat to levy or the "tax" the IRS claims to be due. *Id.*

57.     The IRS said, "If you need assistance, please don't hesitate to contact us." *Id.*  The IRS's notice instructed the Culverhouses to call 1-800-829-8374 "[f]or a detailed calculation of your penalty charges" and "[f]or a detailed calculation of your interest." *Id.*

58.     Hugh Culverhouse accepted the IRS's invitation and called 1-800-829-8374.  *See* **Exhibit B**.  After several hours spent on the phone with the IRS agents, no person Culverhouse spoke to could give him any information regarding the Notice of Intent to Levy – no one at the IRS could explain why the levy was sent, and no one at the IRS could explain how the tax was calculated.  *Id.*

59.     Andy Bolano, the Certified Public Accountant who prepared the Culverhouse's tax return also called the IRS and spoke with IRS Agent Carla Arbin in the IRS's Philadelphia office.  *See* **Exhibit C.**  Bolano explained that no tax was due.

60.     Agent Arbin told Bolano she was reviewing how the IRS computed the almost $1 million tax the IRS alleged to be due in its notice of levy.  Agent Arbin told Bolano that she agreed with Bolano that the tax was not properly calculated.  *Id.*

61.     Bolano spoke with Agent Arbin again on July 15th and Agent Arbin told Bolano she confirmed the tax in the Notice of Levy was not due and the alleged tax was incorrectly calculated.  *Id.*

62.     Agent Arbin told Bolano the IRS employee in charge of researching whether the IRS was justified to pursue the levy was on vacation for two weeks. *Id.* Agent Arbin, also told Bolano the IRS had been issuing similar notices in similar cases that were also pending on appeal.  *Id.*  She stated that neither she nor anyone else in the Philadelphia IRS office knew why the IRS was suddenly issuing these notices of levy for taxes that were not due.  *Id.*

63.     On June 8th (immediately after they received the IRS's notice of threatened levy) the Culverhouses sent the IRS a request for a hearing to review the legality of the IRS's threatened levy.  *See* **Exhibit O**.  The hearing is called a Collection Due Process hearing or "CDP hearing" and 26 U.S.C. §6330 requires the IRS to grant this hearing before levying upon a person's property.  The Culverhouses also sent the IRS a power of attorney directing the IRS to communicate with the Culverhouses' legal counsel.  *Id*.

64.     Two weeks later the IRS sent the Culverhouses a letter denying a pre-levy CDP hearing because, the IRS said, a "final notice of intent to levy" has not yet been issued.  *See* **Exhibit P**.  The IRS did not send the Culverhouses' legal counsel a copy of

this notice.  And the IRS never communicated with the Culverhouses' legal counsel about

the Culverhouses' request for a CDP hearing.

65.    The IRS's June 29th letter to the Culverhouses stated,

> We are sorry, but you are not entitled to a Collection Due Process
> hearing at this time . . . Our records indicated that Letter
> 1058/LT11, Final Notice of Intent to Levy and Notice of Your
> Right to Hearing, wasn't issued prior to filing of your hearing
> request.  If you received Letter 1058/LT11 Final Notice-Intent to
> levy in the future, and then submit a CDP request, we will consider
> your request for Collection Due Process hearing, at that time.

*See* **Exhibit P.**

66.    Amazingly, on July 15th, after denying Hugh and Eliza Culverhouses'

request for a pre-levy CDP hearing, the IRS persisted in its levy effort and The IRS's

Philadelphia office sent Hugh Culverhouse another "Notice of intent to levy: Intent to

seize your property or rights to property" stating an "amount due immediately" of almost

$1 million.  *See* **Exhibit Q**.

67.    The IRS's July 15th letter states, "Send us the amount due of $957,613.65,

or we may seize (levy) your property on or after August 14, 2015."  *Id.*

68.    The IRS sent its July 15th notice and threat to levy only to Hugh

Culverhouse and the IRS did not send a similar notice to Eliza Culverhouse.

69.    The IRS's July 15th letter states that the "[a]mount you owed" is

$916,163.15, "[a]dditional interest" of $14,342.42, and "[a]dditional penalty" of

$27,108.08.  *Id.*

70.    Enclosed with the July 15th Notice of Intent to Levy was a Form 12153

"Request for a Collection Due Process or Equivalent Hearing" along with information

about the hearing process and the "IRS Collection Process."  *See* **Exhibit R**.

71. Culverhouse again requested the IRS hold a pre-levy CDP hearing to determine whether the IRS's threatened levy was lawful, but the IRS has not granted Culverhouse any hearing.

72. The IRS's behavior becomes even more strange. This week, IRS Agent Arbin called the Culverhouses' accountant, Bolano, and confirmed, again, the IRS had wrongly calculated the alleged "tax" the IRS claimed was due. Agent Arbin said the "tax" the IRS now claimed to be due was one-half of the IRS's earlier demand – about $500,000. And, Agent Arbin said, the IRS would issue a new notice of levy in this amount. *See* **Exhibit C.**

73. Agent Arbin told Bolano that she sent her revised calculation to the collections department at the IRS, but she was unsure how the collections department would handle it. *Id.*

74. Hugh Culverhouse received a letter from the IRS's Ogden Utah office now saying the Culverhouses *overpaid* their 2006 personal income tax and proposing to adjust the Culverhouses' 2007 and 2008 personal tax returns.

75. The IRS never notified Hugh or Eliza Culverhouse of *any* tax liability from 2006 before to the IRS's June 2015 notice of intent to levy. *See* **Exhibits B** and **S**.

76. The IRS never notified Hugh or Eliza Culverhouse the IRS adjusted their 2007 or 2008 personal returns and the IRS never claimed Hugh or Eliza Culverhouse owed any additional tax for 2007 or 2008.

77. Hugh and Eliza Culverhouse have always paid their income tax and fully satisfied any and all obligation they owed the United States or any private party. Hugh and Eliza Culverhouse have earned a reputation as upstanding community philanthropists

- 17 -

and members of the Coral Gables and Sarasota community who conduct themselves honorably and promptly pay any and all obligations they owe.  *See* **Exhibits B** and **S**.

78.    The IRS allegation and threatened levy for a purported 2006 income tax liability is now a matter of public record and is a disparagement of Hugh and Eliza Culverhouse's reputation.  Not only that, the IRS's threatened levy has the potential of compromising Hugh Culverhouse's reputation and creditworthiness in the business community.  *See* **Exhibits B** and **S**.

79.    And, as we explain in this complaint, the IRS's action and the IRS's threatened levy without any merit and undertaken contrary to *any* lawful authority.

80.    The IRS's threatened levy against Hugh or Eliza Culverhouse's property will cause irreparable harm to the Culverhouses.  *See* **Exhibits B** and **S**.

81.    Hugh and Eliza Culverhouse have no adequate remedy at law and thus require this Court to act to restrain the IRS from pursuing this unlawful levy.

## COUNT ONE

**The IRS's threat to levy the Culverhouses' property violates federal law.**

82.    Under 26 U.S.C. § 6330(a), the IRS must notify a taxpayer of his right to request a hearing before the IRS may levy a taxpayer's property.

83.    The Culverhouses followed §§6330(a)(3)(B), 7502(a); Treas. Reg. (26 C.F.R.) § 301.6330–1(c)(2), and timely requested a hearing.  In fact the Culverhouses requested this pre-levy hearing *twice. See* **Exhibit O**.

84.    Hugh and Eliza Culverhouse are each entitled to a due process hearing before the IRS may levy upon their assets.   *See* 26 U.S.C. § 6330(b)(1); *Gentile v. Comm'r of I.R.S.*, 592 F. App'x 824, 826 (11th Cir. 2014).

85.     "As part of the CDP hearing, the Office of Appeals *must* obtain verification that all applicable legal and administrative requirements have been met. 26 U.S.C. §6330(c)." *Gentile*, 592 F. App'x at 826 (emphasis supplied).

86.     "The taxpayer may raise issues relevant to collection of the unpaid tax, including spousal defenses, challenges to the appropriateness of the collection action, and offers of collection alternatives. *Id.* §6330(c)(2)(A); Treas. Reg. §301.6330–1(e)(1)." *Gentile*, 592 F. App'x at 826.

87.     On June 29th, contrary to federal law and contrary to its own procedure, the IRS denied the Culverhouses' request for any pre-levy hearing and persisted with its threat to levy the Culverhouse family's property. *See* **Exhibits P**.

88.     "Congress established the 'collection due process' hearing procedure 'to temper 'any harshness' caused by the IRS's ability to levy on a taxpayer's property before the taxpayer could challenge the collection action. *Byers v. Comm'r,* 740 F.3d 668, 671 (D.C.Cir.2014) (quoting *Olsen v. United States,* 414 F.3d 144, 150 (1st Cir.2005)); Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, §3401(b), 112 Stat. 685, 747–48 (codified as amended at 26 U.S.C. §6330)." *Kuretski v. C.I.R.*, 755 F.3d 929, 934 (D.C. Cir. 2014) *cert. denied*, 135 S. Ct. 2309 (2015).

89.     The IRS's threatened levy of the Culverhouses' assets and denial of the Culverhouses' request for a pre-levy hearing violates 26 U.S.C. §6330 and violates the Culverhouses' constitutionally guaranteed right to due process of law.  U.S. Const., Amend. V.  *See*, *e.g.*, *Kuretski, supra.*  ("Assuming arguendo that the Due Process Clause generally requires the IRS to afford a taxpayer some manner of hearing before imposing a levy, *see United States v. James Daniel Good Real Prop.,* 510 U.S. 43, 60–61 (1993).").

90.     Further, under the IRS's own procedures a levy is appropriate only when there is risk the tax cannot be collected such as drug dealers fleeing the country with their cash.  There is no justification for a levy in this case.  26 U.S.C. §6861.

91.     Even if a tax was due (which is not the case) and even if the IRS's levy relates to Palmer Partnership (which the IRS has not said it is) there is no risk any tax due by Palmer Partnership will not be paid.  Palmer Partnership owns substantial valuable real estate in Sarasota Florida.  Even if the Eleventh Circuit were to reverse the Tax Court and hold the IRS's original assessment was correct (a highly unlikely event) there is no risk Palmer Partnership could not pay the tax.  Palmer Partnership's extensive Sarasota land holdings are not going anywhere.

92.     In short, under the law of the United States and under the IRS's own procedures there is no lawful basis for the IRS to threaten Hugh and Eliza Culverhouse with a levy of their personal assets.  The IRS is simply harassing Hugh and Eliza Culverhouse.

## COUNT TWO

### The IRS's threatened levy of the Culverhouses' property violates the Fifth Amendment guarantee of Due Process.

93.     The IRS is not a law unto itself and the IRS is not superior to our Constitution and those liberties and protections our Constitution guarantees.

94.     "Congress established the 'collection due process' hearing procedure 'to temper 'any harshness' caused by the IRS's ability to levy on a taxpayer's property before the taxpayer could challenge the collection action. *Byers v. Comm'r,* 740 F.3d 668, 671 (D.C.Cir.2014) (quoting *Olsen v. United States,* 414 F.3d 144, 150 (1st Cir.2005)); Internal Revenue Service Restructuring and Reform Act of 1998, Pub.L. No. 105–206, §

3401(b), 112 Stat. 685, 747–48 (codified as amended at 26 U.S.C. § 6330)." *Kuretski, supra.* at 934.

95.     "An essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.,* 339 U.S. 306, 313 (1950))." *Kuretski, supra.* at 945.

96.     The Culverhouses' right to a hearing before the IRS seizes their assets is a fundamental aspect of Due Process.

97.     The IRS denying the Culverhouses' request for a pre-levy hearing while persisting in the IRS's threatened seizure of the Culverhouses' family property violates 26 U.S.C. §6330 and, much more importantly. violates the Culverhouses' constitutionally guaranteed right to due process of law.  U.S. Const., Amend. V.  *See*, *e.g.*, *Kuretski, supra.*

98.     The Constitution does not grant the IRS authority to act like a jack-booted thug threatening to kick down citizen's doors and seize their assets without warrant, without lawful right, and without a hearing and due process.  And when the IRS threatens to unlawfully seize citizens' personal property in this manner, it is unequivocally the task of this Court to restrain such unlawful acts.

## COUNT THREE

### Declaratory judgment that Hugh and Eliza Culverhouse do not owe any income tax for 2006.

99.     We note above that Hugh and Eliza Culverhouse timely filed and timely paid their 2006 personal income tax.  The IRS has three years to challenge a taxpayer's return or adjust a taxpayer's liability for income tax.  *See* 28 U.S.C. §6501.

100.    Hugh and Eliza Culverhouse's 2006 tax return was filed before October 15th 2007 (the extended deadline) for filing their 2006 personal income tax return.  And Hugh and Eliza Culverhouse submitted an accurate, honest tax return and fully paid all tax due.

101.    Three years went by. The IRS raised no issue.  The IRS did not audit Hugh or Eliza Culverhouse within this period.  The IRS did not provide Hugh or Eliza Culverhouse any notice of any issue or dispute about the Culverhouses' 2006 income tax return.

102.    Yet, in June 2015, the IRS sends the Culverhouses a notice of levy.  The IRS never explains why it is trying to levy on Hugh and Eliza Culverhouses' personal assets.  The IRS's notice only references "2006 tax year" and "Form 1040."  We are left to guess what basis the IRS has for this notice.  So let's assume it is related to the 2006 Palmer Partnership tax matter now pending in the Eleventh Circuit.  Even granting the IRS this assumption the IRS is still wrong to pursue a levy against Hugh and Eliza Culverhouse personally.

103.    A levy upon the Culverhouses' 2006 income tax liability is especially outrageous because the IRS now admits the Culverhouses *overpaid* their 2006 income tax liability by $677,702.

104.    Title 26 U.S.C. §6221 provides, "Except as otherwise provided in this subchapter, the tax treatment of any partnership item (and the applicability of any penalty, addition to tax, or additional amount which relates to an adjustment to a partnership item) shall be determined at the partnership level."

105.    The Tax Equity and Fiscal Responsibility Act (TEFRA) plainly contemplates that when a partnership proceeding is pending, the Commissioner will not assert a deficiency against a taxpayer-partner until the partnership proceeding determines the liability of the partnership, and consequently, the partners. See 26 U.S.C. §6221 ("[T]he tax treatment of any partnership item ... shall be determined at the partnership level"); §6225(a)(1) ("[N]o assessment of a deficiency attributable to a partnership item may be made ... before ... notice of a final partnership administrative adjustment was mailed to the tax matters partner."). Once the TEFRA proceeding is concluded, the partners are entitled to a "final partnership administrative adjustment," *Id*. §6223(a)(2), their tax deficiency is determined, and at that point, the spouse of a partner may file a petition for relief under §6015.  *Id.* §6230(a)(3)(A).  Such petition is limited to the allocation of the tax deficiency between the spouses, the determination of the partnership liability "that gave rise to the liability" being "conclusive." *Id.* §6230(a)(3)(B)." *Adkison v. C.I.R.,* 592 F.3d 1050, 1056 (9th Cir. 2010).

106.    The Declaratory Judgment Act, 28 U.S.C. §2201, says "In a case of actual controversy within its jurisdiction, … any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.

107.    A declaratory judgment will clarify and resolve important constitutional issues between Hugh and Eliza Culverhouse and the United States and finally resolve the lawfulness of the IRS's effort to levy upon Hugh and Eliza Culverhouse's personal assets.

108.    A declaratory judgment will finalize this controversy.

**COUNT FOUR**

**A declaration that the statute of limitations for the IRS to challenge
Hugh and Eliza Culverhouse's 2006 (and 2007 or 2008)
income tax liability has expired.**

109.    Title 26 U.S.C. §6501 requires he "amount of any tax imposed by this title shall be assessed within 3 years after the return was filed."

110.    Hugh and Eliza Culverhouse timely filed their 2006 income tax return and timely-paid any tax due.

111.    The IRS did not dispute Hugh and Eliza Culverhouse's 2006 income tax liability within the three-year period required by 28 U.S.C. §6501.

112.    The statute of limitation for the IRS to assert  Hugh or Eliza Culverhouse owe any additional 2006 income tax has expired and the IRS's effort to levy against Hugh or Eliza Culverhouse for any purported 2006 tax liability is time-barred.

113.    The IRS has not (as yet) threatened to levy or collect and tax for the tax years 2007 and 2008.  But the IRS's July 23rd notice and the IRS's conduct in relation to the levy it threatens on the 2006 "tax liability" demonstrates the IRS may pursue a levy for what it purports to be a 2007 and 2008 liability.

114.    Accordingly, a declaration by this Court that the three-year statutory period for the IRS to adjust or allege an unpaid tax for 2007 and 2008 has likewise expired.  Such a declaration would bring this dispute to a conclusion.

**RELIEF REQUESTED**

We ask this Court grant the following relief:

(a)     An injunction prohibiting the Internal Revenue Service from pursuing an unlawful seizure of the Culverhouses' assets.

(b)     Declare Hugh and Eliza Culverhouse do not owe any additional tax for 2006.

(c)     Declare the three-year statutory period for the IRS to even allege Hugh and Eliza Culverhouse owe any additional tax from 2006 has long since expired.

(d)     Alternatively, to the extent the IRS's threatened levy is related to the pending partnership tax appeal in the Eleventh Circuit, to enjoin the IRS from any collection or levy until the Eleventh Circuit appeal has concluded.

(e)     Because the IRS is acting unlawfully and without any reasonable justification, we ask this Court to order the IRS to reimburse Hugh and Eliza Culverhouse the attorney fees and litigation expenses they have incurred responding to the IRS's unlawful threat to levy their assets.

Date:  July 24, 2015

**LEVINE KELLOGG LEHMAN
SCHNEIDER + GROSSMAN, LLP**


*/s/ Lawrence A. Kellogg*
Lawrence A. Kellogg, P.A.
Florida Bar No: 328601
201 South Biscayne Boulevard
22nd Floor, Miami Center
Miami, FL  33131
Phone:  (305) 403-8788
Fax:   (305) 403-8789
lak@lksg.com

Respectfully submitted,

**ARENT FOX, LLP**


Mark F. (Thor) Hearne, II
Meghan S. Largent
112 South Hanley Road, Suite 200
Clayton, MO  63105
Phone: (314) 296-4000
Fax:    (202) 857-6395
thor@arentfox.com
meghan.largent@arentfox.com

1717 K Street, NW
Washington, DC 20036-5342
Phone: (202) 857-6000

(*Pending admission pro hac vice*)

***Attorneys for Hugh and
Eliza Culverhouse***